STATE EX REL. MILWAUKEE SEWERAGE COMMISSION, Appellant, vs. BOARD OF SUPERVISORS OF MILWAUKEE COUNTY and others, Respondents.

STATE EX REL. PERRY and others, Appellants, vs. SAME, Respondents.

*February 7—March 3, 1936.*

672

For the appellant in the Milwaukee Sewerage Commission case there was a brief by *Max Raskin,* city attorney, and *William F. Quick,* first assistant city attorney, and oral argument by *Mr. Quick.*

*Albert B. Houghton* of Milwaukee, for the appellants in the Perry case.

For the respondents in both cases there were briefs by *William A. Zabel,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, *C. Stanley Perry,* assistant corporation counsel, attorneys, and *Lawrence J. Timmerman* of Milwaukee of counsel, and oral argument by *Mr. Perry* and *Mr. Timmerman.*

FRITZ, J. The orders must be reversed. The statutes in question do not require either of the commissions to embody in its resolution stating the amount which it requires for the projection, planning, construction, and maintenance of its sewerage system and plant, any formal determination on its part that the purpose or project to be paid for by the issuance of the bonds requested is presently reasonably necessary to the completion of the general scheme determined upon and authorized by the legislature.

The only requirements prescribed by sec. 7 (b) of ch. 554, Laws of 1921 (sec. 59.96 (7) (c), Stats.), relating to the Milwaukee Commission are those which are embodied in the provision therein that the commission "shall adopt a resolution stating the amount that it requires for such purposes and shall file with the county board of supervisors of such county a certified copy thereof. . . ." And, immediately following those words, that statute continues as follows: "And thereupon such board of supervisors is required and directed to provide by resolution for issuing corporate bonds of such county for the amount so required payable within twenty years," etc. Likewise, the only requirements prescribed by sec. 59.96 (7) (a), Stats., relating to the Metropolitan Commission are that "it shall adopt a resolution stating the amount that it requires for such purposes and shall file with the county board of supervisors of such county a certified copy thereof. . . ." And, immediately following

those words, that statute continues as follows: "And thereupon such board of supervisors is required and directed to provide by resolution for issuing corporate bonds of such county for the amount so required payable within twenty years," etc. Neither in those statutes, nor elsewhere, is there any provision requiring either commission to determine by formal resolution that the purpose or project to be paid for by the proceeds of such bonds is presently necessary, or requiring it to embody any statement of such a determination on its part in the resolution, which the commission is required to adopt and file a certified copy of with the board of supervisors, in order that by virtue of the express and explicit legislative command in those statutes, "thereupon such board of supervisors is required and directed to provide by resolution for issuing corporate bonds of such county for the amount so required." Sec. 59.96 (7) (a), Stats.; sec. 7 (b), ch. 554, Laws of 1921 (sec. 59.96 (7) (c), Stats.).

When a commission, in compliance with the applicable provisions in those statutes, has adopted a resolution stating the amount which it requires for such purposes, and has filed a certified copy thereof with the county board, it is not within the latter's province to require anything more of the commission in respect to any determination by it as to the necessity for the amount required, or in respect to its reasons for adopting its resolution or concluding that the specified amount is required. Likewise, it is not within the province of that board to refuse to provide the amount so stated to be required and requested because of any question or contrary conclusion on the part of the board as to the necessity for the commission's requiring that amount. There is no room whatsoever, under the statutes, for the exercise of any discretion or judgment by either the county board or any court as to whether the board must comply with the

statutory command that "thereupon such board of supervisors is required and directed to provide by resolution for issuing corporate bonds of such county for the amount so required." Subd. (b), sec. 7, ch. 554, Laws of 1921 (sec. 59.96 (7) (c), Stats.) ; sec. 59.96 (7) (a), Stats.

Paraphrasing the language in *Golden v. Green Bay Metropolitan Sewerage Dist.* 210 Wis. 193, 203, 246 N. W. 505, the amount which the commission finds, as a matter of fact, that it requires to carry out the legislative mandate, has not been left by the legislature to the legislative discretion of any other body or commission of the county or sewerage district. Under each statute, the legislature has prescribed that the commission shall perform in certain respects, which are of the same character. When there has been such performance by the commission, the county officers are required by the statutes to also do certain things, as to which they likewise have no discretion, and the resulting taxes, which are to be collected as necessary to carry out the legislative scheme, are in legal contemplation imposed by the legislature itself by virtue of the express terms of its enactments, and are not the result of the exercise of any legislative power or discretion by the governing bodies of any of the municipalities. That is in accord with the decision in *Thielen v. Metropolitan Sewerage Comm., supra;* and both of the decisions last cited were followed with approval in *State ex rel. Milwaukee S. Comm. v. Supervisors, supra,* in which we said:

". . . The county board of Milwaukee county has no discretion to refuse the demand of the sewerage commission. . . ." (p. 415.)

". . . The statute has vested in the sewerage district the complete power to plan, construct, and maintain sewers, and to call upon the county to issue bonds. It has given the county board no discretion to refuse to issue the bonds. The sewerage district seeks the aid of this court to compel the county board to carry out its plain, legal duty and the

plainly expressed intent of the statute. To refuse the aid of the court would be to defeat the purpose and intent of the law. To say that a court ought to decline its aid because under all the circumstances it thinks with the county board that the expenditure of a further sum for sewerage extensions is unwise, or even disastrous financially, is in effect to claim for it the right to suspend, at least during the emergency, the operation of a plain, unambiguous legislative mandate. In our judgment this would not merely be an abuse of discretion, but a usurpation of legislative power that could not be defended upon any ground." (p. 418.)

Those conclusions were considered necessary, in view of the legislative mandate, notwithstanding the contentions in the brief of the county board in that case, that—

"The expenditure of additional funds for development and not for maintenance or operation of the present plant and the issuance of additional bonds *is not necessary* at the present time;" and that "Surely some limitation must be placed upon the power of the Metropolitan Sewerage Commission to continue to demand money from the county. It is hardly conceivable that the legislature intended to vest in such commission absolute power to spend money, regardless of the amount involved, regardless of the financial and economic condition of the day, and regardless of the ability of the property holder to pay taxes."

Although the vesting of such absolute power in such a commission may seem unusual and unwarranted, it is not within the province of the county board or the court to prevent the commission's exercise of that power. As we further said in *State ex rel. Milwaukee S. Comm. v. Supervisors, supra:*

". . . The wisdom of the whole matter was for the legislature. It has indicated its position clearly. The desirability of extending the sewerage system, and its relation to the health of the people of the district involved, is vested by the legislature for determination solely in the sewerage commission." (p. 418.)

"... All of these matters go to the wisdom of issuing the bonds, and the legislature has foreclosed any inquiry of this sort by the court. If the present financial crisis calls for intervention of some sort, recourse must be had to the legislature." (p. 419.)

*By the Court.*—Orders reversed, and causes remanded with directions to enter an order in each action sustaining the relator's demurrer to the return, and for further proceedings according to law.